| | | |
|---|---|---|
| FERRANTE PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU TOMSING, Officer | ) | |
| FNU BAURNUMBAN, Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No.

1), filed pursuant to 42 U.S.C. § 1983, and on Plaintiff's Application to Proceed in Forma Pauperis,

(Doc. No. 2).

## I.   BACKGROUND

Pro se Plaintiff Ferrante Perry is a North Carolina prisoner, currently incarcerated at

Craven Correctional Institution in Vanceboro, North Carolina.  In May 2017, a Mecklenburg

County jury convicted Plaintiff of possession of cocaine and being a habitual felon.  In this

action, filed on June 29, 2017, pursuant to 42 U.S.C. § 1983, Plaintiff has named as Defendants

FNU Tomsing and FNU Baurnumban, both identified as police officers employed with the

Charlotte-Mecklenburg Police Department at all relevant times.  Plaintiff alleges the following

facts in his Complaint:

> Both officers [Tomsing and Baurnumban] pulled over a vehicle I was a passenger
> in.  They testified having a visual of the driver, driving recklessly/running a
> license check and resisting arrest, . . . but the officers had no evidence/support
> proving the entirety in trial, which is no probable cause, such as a traffic
> ticket/citation or resisting infraction to support their claim.  Officers violated my
> civil rights by no probable causes/illegal search and seizure and convicting me of

1

possession of cocaine.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in his Complaint, it appears that a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence for possession of cocaine. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Indeed, he has alleged that his conviction has not been reversed, and he seeks as relief for this Court to "dismiss the possession of cocaine conviction." (Doc. No. 1 at 4). Therefore, his claims appear to be barred by <u>Heck</u>.

The Court further notes that it appears that the proper vehicle for Plaintiff's claims is a habeas petition filed under 28 U.S.C. § 2254 once he has exhausted his state remedies through a motion for appropriate relief filed in state court.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2.  Plaintiff's Application to Proceed In Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's initial review.

3.  The Clerk is directed to close this case.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge